**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | |
|---|---|
| LISA MCLANAHAN, )<br>)<br>   Plaintiff, )<br>)<br>   v. )<br>)<br>NELSON CRUZ & ASSOCIATES LLC, )<br>FREDRICK "FREDDIE" RILEY, )<br>Individually, and JOHN DOE COMPANY, )<br>)<br>   Defendants. ) | No.  3:20-CV-850-RGJ |

## PLAINTIFF'S COMPLAINT

Plaintiff, LISA MCLANAHAN ("Plaintiff"), through her attorney, HORMOZDI LAW FIRM, LLC, alleges the following against Defendants, NELSON CRUZ & ASSOCIATES LLC ("NCA"), FREDERICK "FREDDIE" RILEY, individually ("Riley"), and JOHN DOE COMPANY (collectively referred to as "Defendants"), and alleges as follows:

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. §1692k.

3. Jurisdiction of this Court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this District are proper because Defendants do or transact business within this District, and a material portion of the events at issue occurred in this

District.

## PARTIES

5. Plaintiff is a natural person residing in Louisville, Jefferson County, Kentucky.

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

7. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5).

8. Defendants are each a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

9. Within the last year, NCA attempted to collect a consumer debt from Plaintiff.

10. NCA is a debt collection agency based in Dallas, Dallas County, Texas.

11. NCA's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

12. When an unpaid, outstanding account is placed with NCA it is assigned an account number.

13. The principal purpose of NCA's business is the collection of debts allegedly owed to third parties.

14. NCA regularly collects, or attempts to collect, debts allegedly owed to third parties.

15. During the course of its attempts to collect debts allegedly owed to third parties, NCA sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

16. NCA acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

17. Defendant Riley is an individual who, upon information and belief, resides at in the Collin County, Texas outside in the Dallas, Texas metropolitan area.

18. Riley is a managing member of Defendant NCA.

19. Riley may be served wherever he may be found in accordance with Kentucky or Texas law.

20. Defendant John Doe Company is a person or business with an unknown at this time, but on information and belief is a debt buyer that purchased the below described consumer account when the account was in default and then subsequently hired NCA to collect the account.

## FACTUAL ALLEGATIONS

21. NCA is attempting to collect a consumer debt from Plaintiff.

22. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

23. Riley actively manages NCA and direct the policies of that company.

24. Riley had influence over the officers and/or directors and/or owners and/or employees of NCA and directly or indirectly instructed the employees of NCA to act in the manner they acted when attempting collections from Plaintiff as described in the paragraphs below.

25. During all times pertinent hereto, Riley (a) created the collection policies and procedures used by NCA and its respective employees and agents, in connection with their common efforts to collect consumer debts, (b) managed or otherwise controlled the daily collection operations of NCA, (c) oversaw the application of the collection policies and procedures used by NCA and its respective employees and agents, (d) drafted, created, approved and ratified the tactics and scripts used by NCA and its respective employees and agents to collect debts from consumers, including the tactics and scripts that were used to attempt to collect an alleged debt from Plaintiff as alleged in this complaint, (e) ratified the unlawful debt collection practices and procedures used by NCA and its respective employees and agents in connection with its common efforts to collect consumer debts, and (f) had knowledge of, approved, participated in, ratified and benefitted financially from the unlawful debt collection practices used by NCA

and its respective employees and agents in attempts to collect an alleged debt from Plaintiff as alleged in this complaint.

26. Riley regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property, or services which are the subject of the transactions are primarily for personal, family or household purposes.

27. Riley uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts.

28. John Doe Company purchased the Account from another creditor after the Account had gone into default and placed the Account with NCA for collection.

29. Within the past year of Plaintiff filing this Complaint, NCA began calling Plaintiff on Plaintiff's telephone number at xxx-xxx-9693, in an attempt to collect the alleged debt.

30. Within the past year of Plaintiff filing this Complaint, NCA left the following voicemail messages on Plaintiff's telephone:

    a. "Yes. My name is Mr. Gonzalez. You reached my office. If you can return my call at 1-888-757-3930 and speak to Mr. Gonzalez at extension 523 in regards to a case pending matter, and speak to Mr. Gonzalez. Thank you."

    b. "My name is Lily Diaz, calling with Nelson Cruz & Associates. You currently have a pending document in my office attached with your full name and social security number. It's imperative you get in contact with my office by the end of business today. We do have to make a decision in regards to this matter. Phone number is 888-757-3930, extension 532."

31. The telephone number 888-757-3930 belongs to NCA.

32. At least one of the voicemail messages that Defendant left on Plaintiff's telephone did not disclose that the communication is from Nelson Cruz & Associates.

33. The voicemail messages that Defendant left on Plaintiff's telephone did not disclose that the

communication is from a debtor collector and that any information obtained will be used for that purpose.

34. NCA is or should be familiar with the FDCPA.

35. NCA knows or should know the FDCPA requires a debt collector to disclose the caller's identity when communicating with a consumer.

36. NCA knows or should know the FDCPA requires a debt collector to disclose that the communication is from a debt collector and that any information obtained will be used for that purpose when communicating with a consumer.

37. The natural consequences of NCA's statements and actions was to produce an unpleasant and/or hostile situation between NCA and Plaintiff.

38. The natural consequences of NCA's statements and actions was to cause Plaintiff mental distress.

39. To date, Defendants have not taken legal action against Plaintiff.

40. Upon information and belief, John Doe Company transferred the debt, or assigned the debt, to NCA knowing and expecting that NCA would engage in unfair debt collection as described above.

## RESPONDEAT SUPERIOR

41. The representative(s) and/or collector(s) at NCA were employee(s) and/or agent(s) of NCA at all times mentioned herein.

42. The representative(s) and/or collector(s) at NCA were acting within the course and/or scope of their employment at all times mentioned herein.

43. The representative(s) and/or collector(s) at NCA were under the direct supervision and/or control of NCA at all times mentioned herein.

44. The actions of the representative(s) and/or collector(s) at NCA are imputed to their employer, NCA.

45. NCA acted at all times as an agent of John Doe Company.

46. The actions of NCA are imputed to John Doe Company.

47. On information and belief, John Doe Company was aware of, and profited from, the collection practices used by NCA.

### COUNT I: NCA VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

48. Plaintiff repeats and re-alleges paragraphs one (1) through forty-seven (47) of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

49. NCA violated the FDCPA based on, but not limited to, the following:

   a. NCA violated § 1692d(6) of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity, when NCA left a voicemail message on Plaintiff's telephone and did not disclose the communication is from Nelson Cruz & Associates;

   b. NCA violated § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with the collection of any debt, when NCA engaged in engaged in, at least, the following discrete violations of § 1692e;

   c. NCA violated § 1692e(2) of the FDCPA by falsely representing the character, amount or legal status of any debt, when NCA falsely represented a lawsuit was pending against Plaintiff;

   d. NCA violated § 1692e(5) of the FDCPA by threatening to take action that is not intended be taken, when NCA left a voicemail message on Plaintiff's telephone and insinuated legal action would be taken against Plaintiff if Plaintiff does not

      contact NCA immediately;

   e. NCA violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, when NCA falsely represented a lawsuit was pending against Plaintiff in an effort to coerce Plaintiff into calling NCA;

   f. NCA violated § 1692e(11) of the FDCPA by failing to disclose that the communication is from a debt collector, with none of the exceptions of this subsection being applicable, when NCA left voicemail messages on Plaintiff's telephone and did not disclose that the communication is from a debt collector and that any information obtained will be used for that purpose; and

   g. NCA violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when NCA engaged in all of the misconduct alleged herein.

50. NCA's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

51. As a result of the foregoing violations of the FDCPA, NCA is liable to the Plaintiff for actual damages, statutory damages, and costs and attorney's fees.

    WHEREFORE, Plaintiff, LISA MCLANAHAN, respectfully requests judgment be entered against Defendant, NELSON CRUZ & ASSOCIATES LLC, for the following:

52. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

53. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

54. Any other relief that this Honorable Court deems appropriate.

### COUNT II: RILEY VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

55. Plaintiff repeats and re-alleges paragraphs one (1) through forty-seven (47) of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

56. By influencing and/or controlling the conduct of NCA, Riley is liable for the act(s) and omission(s) of NCA and its representative(s), employee(s) and/or agent(s) for violations of 15 U.S.C. § 1692d(6),§ 1692e, (2), (5), (10) & (11) and § 1692f.

57. As a result of the foregoing violations of the FDCPA, NCA is liable to the Plaintiff for actual damages, statutory damages, and costs and attorney's fees.

WHEREFORE, Plaintiff, LISA MCLANAHAN, respectfully requests judgment be entered against FREDERICK "FREDDIE" RILEY for the following:

58. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

59. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

60. Any other relief that this Honorable Court deems appropriate.

### COUNT III: JOHN DOE COMPANY VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

61. Plaintiff repeats and re-alleges paragraphs one (1) through forty-seven (47) of Plaintiff's Complaint as the allegations in Count III of Plaintiff's Complaint.

62. John Doe Company is liable for the act(s) and omission(s) of NCA and its representative(s), employee(s) and/or agent(s) for violations of 15 U.S.C. § 1692d(6), § 1692e, (2), (5), (10) & (11) and § 1692f.

63. As a result of the foregoing violations of the FDCPA, John Doe Company is liable to the Plaintiff for actual damages, statutory damages, and costs and attorney's fees.

WHEREFORE, Plaintiff, LISA MCLANAHAN, respectfully requests judgment be entered against Defendant, JOHN DOE COMPANY, for the following:

64. Actual damages, pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

65. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

66. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

67. Any other relief this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

December 21, 2020    By: /s/ Shireen Hormozdi
                    Shireen Hormozdi
                    Hormozdi Law Firm, LLC
                    1770 Indian Trail Lilburn Road, Suite 175
                    Norcross, GA 30093
                    Tel: 678-395-7795
                    Fax: 866-929-2434
                    shireen@agrusslawfirm.com
                    shireen@norcrosslawfirm.com
                    Attorney for Plaintiff